NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
THOMAS S. SCHMELZLE,                    :
                                        :
    Plaintiff,                          :
                                        :
        v.                            :   Civil No. 08-0734 (AET)
                                        :
UNUM LIFE INSURANCE                     :   <u>**MEMORANDUM & ORDER**</u>
COMPANY OF AMERICA, et al.,             :
                                        :
    Defendants.                         :
_____:

<u>THOMPSON, U.S.D.J.</u>

    This matter is before the Court upon Defendants Unum Life Insurance Company of America's ("Unum") and Azko Nobel Chemicals, Inc.'s ("Azko") Motions to Dismiss Plaintiff Thomas S. Schmelzle's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided these Motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motions are granted.

BACKGROUND

    Plaintiff Schmelzle is a New Jersey resident who was hired by Defendant Azko in 2002. (Compl., ¶ 1.) Defendant Azko is a Delaware corporation, with its principal place of business located in Illinois. (Def. Unum's Notice of Removal, ¶ 9.) Defendant Unum has its principal place of business, and is incorporated, in Maine. (<u>Id.</u>, ¶8.) Defendant Unum provided dependent life insurance coverage to Defendant Azko's employees, which was paid for by employees through a payroll deduction that was organized and executed by Defendants Unum and Azko. (Compl., ¶ 3.)

Following his hiring, Plaintiff became eligible to elect dependent life insurance coverage for his wife, JoAnn Schmelzle, on January 1, 2004, when Defendant Azko's life insurance policy with Defendant Unum became effective. (Id., ¶ 6.) Beginning November 3, 2004, Plaintiff elected dependent life insurance coverage for his wife, and was charged approximately $3.70 per week for the coverage, which was deducted from his pay. (Id., ¶¶ 7-8.) Plaintiff's wife died on December 22, 2006. (Id., ¶ 3.) Upon his wife's death, Plaintiff filed claims with Defendant Unum to collect the life insurance policy proceeds, but Defendant Unum refused to pay benefits. (Id., ¶ 10.) Plaintiff alleges that Defendants failed to pay the life insurance policy proceeds, approximately $80,000, because Plaintiff had failed to provide "evidence of insurability" on his wife's behalf when he elected dependent coverage. Plaintiff claims he was never told about this requirement. (Id., ¶ 19.)

On December 7, 2007, Plaintiff filed an action in the Superior Court, Middlesex County, alleging the following state causes of action against Defendants: (1) breach of the insurance contract; (2) conspiracy to commit fraud; (3) negligence; (4) breach of implied covenant of good faith and fair dealing of the insurance contract; (5) fraud in the inducement; and (6) breach of fiduciary duty, pleaded against Defendant Azko only. Defendants were served with the summons and Complaint on January 14, 2008. On February 11, 2008, Defendants filed a Notice of Removal to the District of New Jersey, with jurisdiction premised on the parties' diversity of citizenship. Defendants now move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's state law claims fail because they are preempted by the enforcement and remedial scheme set forth by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

DISCUSSION

Defendants argue that the life insurance policy at issue here is an employee welfare benefits plan that is governed by ERISA, and the federal statute completely preempts any state law causes of action that relate to an ERISA plan. Accordingly, Defendants ask the Court to dismiss Plaintiff's claims. Alternatively, Defendants ask the Court to limit Plaintiff's remedies to those available under ERISA, which is the payment of insurance benefits, and to strike Plaintiff's demand for a jury trial, because ERISA does not provide for jury trials. Plaintiff argues that the policy at issue is not governed by ERISA, and, because he did not allege that it was an ERISA plan in his Complaint, the Court should not determine whether the policy is one at this early stage of litigation. Further, Plaintiff contends that his state law claims would not be preempted by ERISA, because his claims are general causes of action that do not specifically apply to the governance of insurance plans.

A.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Id. A court may dismiss a complaint if it appears that a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In addition to the complaint, a court may consider material "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into one for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

As part of its Motion, Defendant Unum has included a copy of the life insurance policy it provided to Defendant Azko's employees. Because the insurance policy is "integral to or explicitly relied upon" in Plaintiffs' Complaint, the Court considers it as part of Defendant Unum's Motion to Dismiss.

B.    ERISA Preemption

Before the Court can determine whether ERISA preempts Plaintiff's state law claims, it must first decide whether the life insurance policy at issue is governed by ERISA. The Court disagrees with Plaintiff that, because he did not specifically plead that the life insurance policy was an ERISA plan, it should refrain from deciding whether ERISA applies to it until discovery on this issue occurs. Actions to recover benefits from an ERISA plan are considered "federal in character," under the notion that, with respect to some areas of the law, "Congress may so completely pre-empt a particular area" that even civil complaints purporting only to raise state law claims, as is the case here, would be preempted. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); see also Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271-72 (3d Cir. 2001) (holding that claims falling within the scope of ERISA's civil enforcement provisions, including actions to recover benefits or enforce rights under a plan, are completely preempted). Thus, because determination of whether Plaintiff's life insurance policy is governed by ERISA may result in prompt resolution of his state law claims, and it is not clear to the Court that discovery would inform the Court's analysis of the policy submitted by Defendant Unum, the Court will examine Plaintiff's life insurance policy to determine ERISA's applicability.

29 U.S.C. § 1002(1) defines "employee welfare benefits plans" as any plan or fund established by an employer or employee organization "for the purpose of providing for its

participants or beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, [or] death . . ."  In order for a document, or oral communication, to be considered an employee welfare benefits plan within the meaning of ERISA, "a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."  Smith v. Hartford Ins. Group, 6 F.3d 131, 136 (3d Cir. 1993).

Here, the life insurance policy meets the test articulated in Smith.  Plaintiff has alleged that the dependent life insurance coverage was provided by Defendants Azko and Unum to eligible participating employees and their dependents.  The policy sets forth the intended benefits, as a multiple of a covered employee's earnings, payable upon the death of a covered employee or dependent (McCarthy Cert., Ex. A at B@G-LIFE-1 to B@G-LIFE-2), permits a covered employee to name beneficiaries (Id., LIFE-CLM-1 to LIFE-CLM-2), explains that the source of financing is paid for either by the employer, or the participant in the plan, depending on his employment status (Id., B@G-LIFE-1 to B@G-LIFE-2), and outlines procedures for claiming and receiving benefits.  (Id., LIFE-CLM-1 to LIFE-CLM-3.)

Having determined that Plaintiff's life insurance policy is governed by ERISA, the Court next considers whether ERISA's civil enforcement scheme preempts any or all of Plaintiff's state claims.  Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" governed by ERISA.  29 U.S.C. § 1144(a).  "[C]laims that merely attack the quality of benefits [of a plan] do not fall within the scope of [ERISA's] enforcement provisions and are not completely preempted, whereas claims challenging the quantum of benefits due under an ERISA-regulated plan are completely

preempted . . . ." Pryzbowski, 245 F.3d at 272.

Here, the Court finds that Plaintiff's claims of breach of contract, and breach of implied covenant of good faith and fair dealing, alleged to be contained in the contract, are brought as a challenge to Defendants' denial of life insurance benefits. Thus, the Court finds that these claims relate to an employee benefit plan governed by ERISA and are preempted, and dismisses Counts One and Four. Similarly, in his third count, Plaintiff alleges that Defendants acted negligently when they failed to advise him that he needed to provide "evidence of insurability" for his wife before they would pay the proceeds on the life insurance policy. Plaintiff further alleges that Defendant Azko's failure to advise him "of conditions relating to the dependent coverage and never followed up to insure all conditions were met before the payroll deduction for the policy" constitutes a breach of fiduciary duty. The Court finds that these claims relate to the denial of benefits by an ERISA plan, and are preempted by ERISA. Therefore, Counts Three and Six are dismissed.

Plaintiff relies on Finderne Management Co., Inc. V. Barrett, 809 A.2d 842 (N.J. Super. App. Div. 2002) in support of his argument that the second and fifth counts of his Complaint, for conspiracy to commit fraud, and fraud in the inducement, should not be dismissed as preempted by ERISA. The Finderne court, however, held that the plaintiffs could proceed with their fraud claims against an insurance agent where the alleged misrepresentations, designed to induce plaintiffs to join the plan, involved the tax consequences of the plan, and would not require the court to examine "the particulars of an ERISA plan." 809 A.2d at 856. Here, however, Plaintiff's fraud claims allege that Defendants induced his election of dependent life insurance coverage, and deducted premium payments from his pay, knowing that the life insurance policy

was not in place because Plaintiff had not provided evidence of insurability. The Court finds that these claims, like the others that Plaintiff has alleged, challenge Defendants' denial of benefits allegedly owed to Plaintiff under the policy, and would require an examination of the contours of the plan. Thus, the Court finds that these claims are preempted by ERISA, and dismisses Counts Two and Five.

In his Opposition papers, Plaintiff asks that the Court deem his Complaint amended so as to assert the ERISA claim in the event that his state law claims are preempted. Defendants oppose this constructive amendment, and instead ask that Plaintiff be granted leave to amend his Complaint. The Court agrees with Defendants, and will not deem Plaintiff's Complaint to be so amended. However, the Court grants Plaintiff leave to amend his Complaint to properly assert any ERISA claims he may have.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 31st day of July, 2008,

ORDERED that Defendant Unum Life Insurance Company of America's Motion to Dismiss Plaintiff Thomas S. Schmelzle's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [7] is GRANTED; and it is further

ORDERED that Defendant Azko Nobel Chemicals, Inc.'s Motion to Dismiss Plaintiff Thomas S. Schmelzle's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [8] is GRANTED; and it is further

ORDERED that Plaintiff Thomas S. Schmelzle is granted leave to amend his Complaint if submitted within 15 days of this Order.

                                                s/ Anne E. Thompson
                             _____
                             ANNE E. THOMPSON, U.S.D.J.